IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW TRICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:19-CV-940-ECM |
| ) | |
| DONALD VALENZA, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

The Magistrate Judge has reviewed the written report and supporting evidentiary materials filed by the defendants and determined that the plaintiff shall file a response to the defendants' arguments that:

1. His claims are due to be dismissed because he failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA"),[1] *see Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825 n.6 (2001) ("Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies."); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies

---

[1] This section provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The defendants assert that Trice did not properly exhaust the administrative remedy available to him at the Houston County Jail prior to filing this federal civil rights action. Doc. 22 at 2-6; Doc. 22-3 at 2-3; Doc. 24 at 2-3; Doc. 25 at 2-3. Specifically, the defendants maintain that Trice either did not file a grievance regarding the claims raised in this complaint or did not pursue an appeal of any grievance filed on such claim.

to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). "[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93, 126 S.Ct. 2378, 2387 (2006). In addition, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. 81, 90-91, 126 S.Ct. 2378, 2386; and

2. He is entitled to no relief on the claims presented herein as he has failed to establish that the challenged actions violated his constitutional rights.

Accordingly, it is

ORDERED that on or before July 7, 2020 the plaintiff shall file a response to the defendants' written reports. **If the plaintiff fails to file a response as required by this order, the court will treat the plaintiff's failure to respond as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action. Moreover, the plaintiff is specifically cautioned that if he fails to file a response in compliance with the directives of this order the undersigned will recommend that this case be dismissed for such failure. In addition, if the plaintiff fails to respond to the written**

**report with respect to each of the claims raised in his complaint, the court will treat this failure as an abandonment of these claims and shall proceed as justice requires.**

As indicated herein, at some time in the future the court may treat the defendants' report as a dispositive motion, either a motion to dismiss or motion for summary judgment, and response, and any response by the plaintiff as a response to the motion.[2] Thus, in filing a response to the defendants' report, the plaintiff should not rely only on his or her unsworn pleadings but should respond by filing sworn affidavits, declarations/statements made under penalty of perjury or other evidentiary materials developed through discovery or other appropriate means and which set forth specific facts demonstrating there is a genuine issue of material fact for trial in this case.[3] Failure to file affidavits, sworn/verified statements or other evidentiary materials may result in this court accepting the defendants' evidence as the truth. If documents are referred to in the opposing affidavits/sworn

---

[2] "[A]n exhaustion defense ... is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir. 2008) (internal quotations omitted); *Trias v. Florida Dept. of Corrections*, 587 F. App'x. 531, 534 (11th Cir. 2014) (District court properly construed defendants' "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies....").

[3] An affidavit is a statement in writing sworn to by the affiant under oath or on affirmation before a notary public or other authorized officer. If a notary/authorized officer is not available, the plaintiff may support his response with a statement made under penalty of perjury as allowed by well-established federal law. *See* 28 U.S.C. § 1746 ("Whenever ... any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same ..., such matter may, with like force and effect, be supported, evidenced, established, or proved by the ... declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form.... If executed within the United States, its territories, possessions, or commonwealths: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)'."). The affidavit, declaration or certified/verified statement ***must be made on personal knowledge***, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.

statements and have not been previously filed with the court, sworn or certified copies of those papers must be attached to the affidavits/sworn statements or served with them.

The parties are hereby notified that, **unless within fifteen (15) days from the date of this order a party files a response in opposition which presents sufficient legal cause why such action should not be undertaken**, upon the expiration of the time for the plaintiff to file a response as allowed by this order, the court may at any time thereafter and **without further notice to the parties** (1) treat the special report and any supporting evidentiary materials as a motion to dismiss or motion for summary judgment, whichever is proper, and (2) after considering any response as allowed by this order, rule on the motion in accordance with the law.[4]

Failure to follow the requirements of this order about the proper way to respond to the defendants' report may also result in a Recommendation of the Magistrate Judge that judgment be entered in favor of the defendants without there being an evidentiary hearing. *The plaintiff is advised that if he asserts exhaustion of the jail's administrative procedures he must submit relevant evidentiary materials in support of this assertion*

---

[4] "When deciding whether a prisoner has exhausted his remedies, the court [will] first consider the plaintiff's and the defendants versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir.2008) (citing *Bryant,* 530 F.3d at 1373-74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id.* (citing *Bryant,* 530 F.3d at 1373-74, 1376)." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 Fed. Appx. 364, 366 (11th Cir. 2012). Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. *See* [*Turner*, 541 F.3d at 1082]. The judge properly may consider facts outside of the pleadings [i.e., evidentiary materials submitted in support of the special report] to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record. *Bryant*, 530 F.3d at 1376." *Trias*, 587 F. App'x at 535.

*which demonstrates his <u>proper and full exhaustion</u> of the applicable grievance procedure. His mere conclusory allegation of exhaustion will be insufficient to defeat the defendants' argument*.

DONE this 17th day of June, 2020.

      /s/   Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE